WILLIAMS, Judge.
On June 6, 1986 plaintiff, Di Marco’s Freeman Shoes, Inc. (hereinafter called “Freeman Shoes”) instituted an action for alleged breach of contract against Milgram Kagan Texas, Inc. and Milgram Kagan Corporation (hereinafter jointly referred to as “Milgram Kagan”). Milgram Kagan answered the petition. A trial on the merits was set for December 9, 1986. The Trial Order set a “deadline date” of November 10,1986, at which time all preliminary matters had to be concluded.
During trial preparation Milgram Kagan discovered that Freeman Shoes had filed for Chapter 7 bankruptcy on May 28, 1986. Milgram Kagan filed an Exception of No Right of Action challenging Freeman Shoes’ right to proceed under the theory that the trustee in bankruptcy has the sole authority to manage and control the property of the debtor. The Freeman Shoes’ trustee had not been involved in the initiation of the proceeding. A hearing on the exception was set for November 7, 1986.
On October 21, 1986, counsel for both parties filed a “Motion to Continue Trial.” The motion, which was granted, read:
“NOW INTO COURT, through their respective undersigned counsel, come plaintiff, DI MARCO’S FREEMAN SHOES, INC. and defendants, MILGRAM KA-GAN TEXAS, INC. and MILGRAM KA-GAN CORPORATION, and upon suggesting to the Court that trial is scheduled for December 9, 1986, the defendants’ Peremptory Exception of No Right of Action is pending before the Court and will be heard on November 7, 1986, and that all discovery in this matter will not be concluded prior to the November 10, 1986 deadline date, now jointly move the Court for a continuance of the scheduled December 9, 1986 trial date without date.”
On November 7, 1986, the trial court heard argument on the Exception of No Right of Action. Counsel for Freeman Shoes did not appear. The exception was maintained and on November 12, 1986, a judgment was entered dismissing the case with prejudice. Freeman Shoes did not appeal the judgment.
On January 26,1987 Freeman Shoes filed a Motion to Annul the November 12 judgment. In the petition, counsel for plaintiff avers that:
IV.
Shortly after the Exception was filed Plaintiff's counsel communicated with defendant’s counsel to inform him that undersigned counsel would have to contact the trustee in bankruptcy, and both counsel agreed to jointly move the Court for a continuance without date of the scheduled December 9, 1986 trial date.
V.
On or about November 3,1986 Defendant’s counsel personally came to undersigned counsel’s office with a “Joint Motion to Continue Trial”, which undersigned counsel signed, and said order was signed by this Court on November 3, 1986.
VI.
Unbeknown to Plaintiff’s counsel, counsel for Defendants brought the Exception on for hearing on November 7, 1986, in the absence of Plaintiff’s counsel, and the behest of defendant’s counsel, this Court entered a Judgment dismissing this lawsuit on November 12, 1986.
VII.
On November 20, 1986 the trustee Robert L. Marrero filed a “Notice of Trustee’s Intent to Disclaim Movable Property”, copy of which is attached hereto.
In response to the motion to annul, Mil-gram Kagan filed declinatory and dilatory exceptions on grounds of unauthorized use of summary procedure; insufficiency of service and insufficiency of citation. The exceptions assert that the nullity action is based on grounds that purport to constitute fraud or ill practice pursuant to La.Code *205 Civ.Pro. art. 2004 and that the action to annul pursuant to art. 2004 is an ordinary proceeding requiring compliance with the legal requirements thereof; requirements of citation and service that Freeman Shoes failed to meet.
In response, Freeman Shoes filed a “Memorandum Supporting Summary Proceedings to Annual Judgment” claiming that the judgment could be collaterally attacked for defects patent on the face of the record.
The trial court heard the exceptions and the Motion to Annul. Subsequent to oral argument the trial judge entered judgment overruling Milgram Kagan’s exceptions and granting Freeman Shoes’ Motion to Annul.
In his reasons for judgment, the trial court determined that “the ends of justice are best served by granting the motion to annulThe court found that Freeman Shoes’ attorney interpreted the Motion to Continue Trial to continue all proceedings regarding the case, including the hearing on defendants’ Peremptory Exception of No Right of Action. Further, the court determined that the use of summary proceedings was correct stating that:
“... the validity of a final judgment might be collaterally attacked provided its invalidity was absolute and patent on the face of record.
The exception of no right of action is now invalid because of the disclaimer by the bankruptcy trustee of the plaintiff’s cause of action asserted in this case. Accordingly, the motion to annul the judgment of dismissal is void and the use of summary proceedings was correct.”
It is from this ruling that Milgram Kagan appeals.
On appeal, Milgram Kagan asserts several assignments of error which raise two issues: (1) whether the trial judge erred in finding that the incorrect interpretation of the joint Motion to Dismiss constituted grounds for a nullity action; and (2) whether the trial judge allowed improper use of summary proceeding in a nullity action.
In examining the trial court’s reasons for annulling its previous judgment, we find that the lower court considered all factors including any dilatory action on the part of plaintiff’s counsel. Although defendant argues that misunderstanding does not constitute valid and sufficient basis for declaring a judgment null, absent an abuse of discretion the determination of a trial court will not be disturbed on appeal. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The trial judge who annulled the judgment is the same judge who considered the joint “Motion to Continue Trial” and who dismissed the suit on the Exception of No Right of Action. Obviously, this judge in the more appropriate position to evaluate the posture of the parties and reexamine his prior decision. The judge determined that it is in the interest of justice to grant the motion, we do not find that the trial judge abused his discretion in this matter. This assignment of error is without merit.
An action for nullity is an ordinary proceeding requiring citation and service. La. Code Civ.Pro. art. 1201. Citation and service assures that all opposing parties have notice of pending litigation. Here, defendant claims that plaintiff improperly utilized summary procedure thereby circumventing the requirements for proper citation and service. We note, however, that the defendant was served through its attorney of record in the previously dismissed litigation, attorneys who answered and filed oppositions; these facts indicate that all parties were apprised of the pending suit. Further, the defendant’s motions were given full consideration prior to being dismissed.
This court recognizes that an action for nullity is an ordinary proceeding and that plaintiff should have filed a suit to annul rather than presenting the court with a motion in the previous proceedings. However, we find that to require the plaintiff to file a new suit at this time would be a fruitless and repetitious exercise when our review of the record indicates that all parties were aware of the pending litigation and that there is no error in the trial court’s ruling. Therefore, in the interest *206 of judicial economy, we uphold the action of the trial court.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.